**UNITED STATES of America,**
**Appellee,**

v.

**Jeanette MERCEDES, Defendant–**
**Appellant.**

Nos. 06–5805–cr (Lead),
06–5839–cr (con).

United States Court of Appeals,
Second Circuit.

July 11, 2008.

Amy Lester, Assistant United States Attorney, (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY, for Appellant.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges,

Hon. JOHN G. KOELTL,[1] District Judge.

## SUMMARY ORDER

Defendant Jeanette Mercedes appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Stein, *J.*) on December 18, 2006, following Mercedes's guilty plea to money laundering under 18 U.S.C. § 1956(a)(1)(B)(i) and bail jumping, in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(i). On December 13, 2006, Judge Stein sentenced Mercedes to 72 months' imprisonment on the money laundering charge. We assume the parties' familiarity with the underlying facts, the procedural history, and issues on appeal.

On appeal, Mercedes argues that her conviction should be reversed because there was an inadequate factual basis underlying her guilty plea. Fed.R.Crim.P. Rule 11(b)(3) requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."[2] Fed.R.Crim.P. 11(b)(3). Because she did not raise a Rule 11 challenge in the district court, Mercedes must establish plain error under Fed.R.Crim.P. 52(b). *See United States v. Vonn*, 535 U.S. 55, 62–74, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). A finding of plain error requires an (i) error, (ii) that is plain, and (iii) affects substantial rights. *See United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

In order to comply with Rule 11(b)(3), a district court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which [she] is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir.1997). The issue in the present case is whether Mercedes's admitted conduct was sufficient to establish that she knew that the transaction was "designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the [narcotics] proceeds."[3] 18 U.S.C. § 1956(a)(1)(B)(i).

In *Cuellar v. United States*, —— U.S. ——, 128 S.Ct. 1994, 2005, 170 L.Ed.2d 942 (2008), the Supreme Court held that a "conviction under this provision requires proof that the purpose—not merely the effect—of the [transaction] was to conceal or disguise [the nature, location, source, ownership, or control of the illegal proceeds]."[4] In *Cuellar*, the government presented no evidence that met this requirement. *See id.* at 2004–05. The only evidence presented at trial was that money was concealed in a hidden compartment of the defendant's vehicle, animal hair was

---

1. The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

2. This requirement was formerly contained in Fed.R.Crim.P. 11(f).

3. The federal money laundering statute, 18 U.S.C. § 1956, punishes transfers of funds that were derived from unlawful financial activities. Subsection (a)(1) specifies unlawful transactions that fall within the statute, whereas subsection (a)(2) criminalizes methods of transportation. *See* § 1956(a)(1)(B)(i); § 1956(a)(2)(B)(i). Despite the differences in the two statutes, "the relevant concealment language is identical for both provisions," and this Court has interpreted the concealment element of both statutes identically. *United States v. Ness*, 466 F.3d 79, 82 n. 1 (2d Cir. 2006).

4. Mercedes's central argument on appeal is that the concealment element of the statute requires proof that there was a design to give the unlawful proceeds the appearance of legitimate wealth. This argument was explicitly rejected by the Supreme Court in *Cuellar*. *See Cuellar v. United States*, —— U.S. ——, 128 S.Ct. 1994, 2001, 170 L.Ed.2d 942 (2008).

spread throughout the rear of the car, and typically in drug smuggling operations a large of sum of money is returned to Mexico in order to compensate the leaders of the operation. *Id.* There was no evidence that the purpose of the transportation was to conceal the source of the money, nor was there any tangible evidence that this transportation was part of a larger organization involved in disguising the source of illegal gains. As a result, the Court found that the evidence was insufficient to permit a jury to conclude that the transportation was designed to conceal the nature, location, source, ownership, or control of the illicit proceeds. *Id.* at 2006.

In contrast to *Cuellar*, the evidence presented in this case indicated that the purpose of the attempted money transaction was to conceal the source of the narcotics proceeds. During the plea colloquy, the district court specifically asked Mercedes "[w]as the purpose to hide the fact that [the money] was from narcotics?" To which she replied, "I believe so." Although Mercedes contends that a statement of belief is insufficient to support a factual finding with respect to the purpose of the transaction, we nonetheless find that the statement made during the course of the plea colloquy sufficient to admit the purpose of the transaction. Based on the rule established by the Supreme Court in *Cuellar*, this statement substantiates that the purpose of the transaction was to conceal the source of the narcotics proceeds and provides sufficient evidence that the transaction violated the concealment clause of the money laundering statute for purposes of Rule 11(b)(3).

Moreover, this Court has held that when transactions were part of a "highly complex and surreptitious" process, such as the one in the present case, one can infer that the transactions "had been designed in a way that would conceal the source of the moneys." *United States v. Ness*, 466 F.3d 79, 81 (2d Cir.2006) (quoting *United States v. Gotti*, 459 F.3d 296, 337–38 (2d Cir.2006)). In this case, there was a substantial amount of evidence that the attempted transaction was part of a "highly complex and surreptitious" process designed to disguise the source of the money. A confidential informant told IRS agents that the apartment building, from which Mercedes exited, was used to store narcotics proceeds. A search of the apartment produced approximately $700,000 in saran-wrapped bills, money laundering ledgers, a money-counting machine, and a record detailing the amounts of the narcotics proceeds. The process used by the organization to transfer money also establishes that the operation was highly secretive.

At the very least, these facts were sufficient to assure the District Court that Mercedes's admitted conduct satisfied the concealment element of 18 U.S.C. § 1956(a)(1)(B)(i). We can confidently conclude that the District Court did not plainly err in accepting Mercedes's plea.

For the foregoing reasons, the judgment of the conviction is **AFFIRMED.**